# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

CURTIS GREEN,

                        Petitioner,           :        Case No. 1:10-cv-241

     - vs -                                          District Judge Sandra S. Beckwith
                                                 Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,
 Lebanon Correctional Institution

                        Respondent.        :

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Curtis Green under 28 U.S.C. § 2254, is before the Court on for decision.

The Petition avers that Mr. Green was convicted in the Hamilton County Common Pleas Court on two counts of drug trafficking and two counts of possession of drugs in November, 2007, and thereafter sentenced to thirteen years imprisonment which he is serving in respondent Warden's custody. He pleads the following grounds for relief:

> **Ground One:** Insufficient evidence.
>
> **Supporting Facts:** The State failed to meet its burden of proving that Defendant-Appellant was trafficking in  and possession of cocaine.
>
> **Ground Two:** Manifest weight of the evidence.
>
> **Supporting Facts:** When a finding is against the manifest weight of the evidence, Defendant-Appellant is entitled to a new trail [sic].
>
> **Ground Three:** Motion for acquittal under Ohio Criminal Procedure Rule 29.

**Supporting Facts:**  The State failed to meet its burden of proving that Defendant-Appellant was trafficking in  and possession of cocaine.

**Ground Four:** The trail [sic] court erred to the prejudice of Defendant-Appellant, imposing a sentence that is contrary to law.

**Supporting Facts:** The sentence was excessive.

**Ground Five:** The trail [sic] court erred to the prejudice of Defendant-Appellant in sentencing him on counts 1, 2, 3, and 4.

**Supporting Facts:** All counts should have been merged as offenses of similar imports [sic].

(Petition, Doc. No. 3.)  On Judge Hogan's Order, the Warden has filed a Return of Writ (Doc. No. 7).  More than a year has expired since the Return was filed and Petitioner has not filed a reply. Thus the case is ripe for decision.


## Grounds One and Three


In Ground One Mr. Green contends his conviction is not supported by sufficient evidence. Ground Three essentially raises the same claim because the function of a motion for acquittal under Ohio R. Crim. P. 29 is to have a criminal case dismissed without consideration by the jury when the evidence produced is not sufficient for conviction.  The Court will thus consider these two Grounds for Relief together.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc).  In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a

reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006);

*United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).  This rule was adopted

as a matter of Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991).  Of course,

it is state law which determines the elements of offenses;  but once the state has adopted the

elements, it must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*

The Hamilton County Court of Appeals considered the sufficiency of the evidence on direct

appeal and concluded that, viewing the evidence in the light most favorable to the prosecution, a

reasonable juror could have found Green guilty beyond a reasonable doubt.  *State v. Green*, Case

No.  C070895 (Ohio App. 1st Dist. Nov. 19, 2008)(unpublished; copy at Return of Writ, Ex. 8).  In

doing so, it employed the appropriate constitutional standard under *Jackson, supra*, as it has been

made a part of state case law in *Jenks, supra*.  It essentially found that the drugs on which the

conviction was based were found within arm's length of Mr. Green when he was arrested and there

was no other person present.

When a state court has adjudicated a federal constitutional claim on the merits, a federal

habeas court subsequently reviewing the same claim must defer to the state court's decision unless

that decision is contrary to or an unreasonable application of federal law as announced by the United

States Supreme Court.  28 U.S.C. § 2254(d)(1); *Terry Williams v. Taylor*, 529 U.S. 362 at 412

(2000).  In a sufficiency of the evidence habeas corpus case, deference should be given to the

trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. Ohio 2009); *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

Considering the evidence in light of these standards, there was sufficient evidence on which to convict Mr. Green and Grounds for Relief One and Three are without merit.

### Ground Two

In Ground Two Mr. Green contends his conviction is against the manifest weight of the evidence.

A federal habeas corpus court can only grant relief to a person who is confined in violation of the United States Constitution.  Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010)*;Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

A claim that a conviction is against the manifest weight of the evidence is not a claim made under the United States Constitution because the Constitution does not forbid such convictions.  In *State v. Thompkins,* 78 Ohio St. 3d 380, 678 N.E. 2d 541 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the  manifest weight of the evidence.   It held:

> In essence, sufficiency is a test of adequacy.  Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process.  *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing*

> *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d
> 560.  Although a court of appeals may determine that a judgment of
> a trial court is sustained by sufficient evidence, that court may
> nevertheless conclude that the judgment is against the weight of the
> evidence.  *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389,
> 124 N.E.2d at 149.  Weight of the evidence concerns "the inclination
> of the greater amount of credible evidence, offered in a trial, to
> support one side of the issue rather than the other.  It indicates clearly
> to the jury that the party having the burden of proof will be entitled
> to their verdict, if, on weighing the evidence in their minds, they shall
> find the greater amount of credible evidence sustains the issue which
> is to be established before them.  Weight is not a question of
> mathematics, but depends on its effect in inducing belief." (Emphasis
> added.)
>
> When a court of appeals reverses a judgment of a trial court on the
> basis that the verdict is against the weight of the evidence, the
> appellate court sits as a " 'thirteenth juror' " and disagrees with the
> factfinder's resolution of the conflicting testimony.  *Tibbs*, 457 U.S.
> at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661.  See, also, *State v. Martin*
> (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717,
> 720-721 ("The   court, reviewing the entire record, weighs the
> evidence and all reasonable inferences, considers the credibility of
> witnesses and determines whether in resolving conflicts in the
> evidence, the jury clearly lost its way and created such a manifest
> miscarriage of justice that the conviction must be reversed and a new
> trial ordered.  The discretionary power to grant a new trial should be
> exercised only in the exceptional case in which the evidence weighs
> heavily against the conviction.").

78 Ohio St. 3d at 387.  In *State v. Martin*, 20 Ohio App. 3d 172, 485 N.E. 2d 717 (Hamilton Cty.

1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the

manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest
> weight of the evidence, the test is much broader.  The court,
> reviewing the entire record, weighs the evidence and all reasonable
> inferences, considers the credibility of the witnesses and determines
> whether in resolving conflicts in the evidence, the jury clearly lost its
> way and created such a manifest miscarriage of justice that the
> conviction must be reversed and a new trial ordered.

485 N.E. 2d at 718, ¶3 of the syllabus.  The provision of Ohio law permitting a court of appeals to sit as a "thirteenth juror" and reverse a conviction because it is against the manifest weight of the evidence is not required by the United States Constitution.  Therefore Green's Second Ground for Relief should be dismissed without prejudice for failure to state a claim upon which habeas corpus relief can be granted.

## Ground Four

In Ground Four Mr. Green claims his sentence is contrary to law because it is excessive.  The Court of Appeals treated this claim as moot because it remanded the case for resentencing.  *State v. Green, supra,* at 3.  After resentencing, Green failed to appeal again to the Ohio Court of Appeals.

Because Green in theory could still file a motion for delayed appeal in the First District, the Warden asserts this Ground for Relief is not exhausted and therefore the whole Petition should be dismissed.  (Return of Writ, Doc. No. 7 PageID 64-66.)  The Warden made that argument over a year ago and Petitioner has still done nothing to further exhaust that claim in the Ohio courts.  At this point it is highly unlikely the state appellate court would excuse his delay, given that he has had notice of the possibility of a delayed appeal for so long.

Failure to exhaust will be excused when the federal constitutional claim is plainly meritless and it would be a waste of time and judicial resources to require exhaustion.  *Prather v. Rees,* 822 F.2d 1418, 1422 (6th Cir. 1987). Under the Anti-Terrorism and Effective Death Penalty Act, federal courts are expressly permitted to deny meritless but unexhausted claims.

In his Brief on Appeal, Mr. Green presented this claim merely as a matter of state law, noting that he had been convicted of two felonies carrying sentences of three to ten years, one felony

carrying a sentence of two to eight years, and one felony carrying a sentence of six to eighteen months.  Because he was sentenced to thirteen years, a sentence he characterized as being far in excess of the maximum allowable sentence for the most serious of his convictions, he stated in conclusory fashion that the sentence was "excessive."  On remand he was resentenced on the merged counts of trafficking and possession of crack cocaine (ten years) and the merged counts of trafficking and possession of powder cocaine (three years) and the sentences were ordered to be served consecutively.

The sentence imposed is lawful under Ohio law since it is within the maximum prescribed by law and Ohio judges may, in their discretion, impose a maximum sentence and consecutive sentences.  *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006);   *State v. Elmore*, 122 Ohio St. 3d 472 (2009).  The Eighth Amendment to the United States Constitution does prohibigt excessive punishments, but it does not require a strict proportionality between the crime and sentence.  Rather, it only prohibits "extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan,* 501 U.S. 957 (1991)(plurality opinion); *United States v. Marks,* 209 F.3d 577, 583 (6th Cir. 2000).   A sentence within the statutory maximum generally does not constitute cruel and unusual punishment.  *Austin v. Jackson,* 213 F. 3d 298 (6th Cir. 2000);*United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995).

Because the sentence imposed here is well within the statutory maximum prescribed by Ohio law, it is not unconstitutionally excessive.  Green's Fourth Ground for Relief should be dismissed with prejudice.

**Ground Five**

In his Fifth Ground for Relief, Green asserts that all four counts of conviction should have been merged under Ohio Revised Code § 2941.25 because they are allied offenses of similar import. He made this claim to the Ohio Court of Appeals which agreed with him in part, concluding that trafficking in and possessing powder cocaine were offenses of similar import and trafficking in and possessing crack cocaine were also allied offenses of similar import.  However, it also held that the crack and powder cocaine convictions would not be merged because the Ohio legislature had prescribed different penalties with respect to these two substances and that had been held to be constitutional.  *State v. Green, supra*, at 3.

Whether or not two convictions are required to be merged under Ohio Revised Code § 2941.25 is a question of state law which this Court cannot review directly.  However, if a State's law makes two sets of facts to be one offense and then punishes a defendant on both sets of facts, the State will have violated the Double Jeopardy Clause.  Although Mr. Green does not expressly mention the Double Jeopardy Clause, Ohio Revised Code § 2941.25, although broader, was enacted to protect the same interests.  As a *pro se* litigant, Mr. Green is entitled to a liberal construction of his Petition and the Court will construed it as raising a Double Jeopardy claim.

The Double Jeopardy Clause of the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense.

*Brown v. Ohio*, 432 U.S. 161, 165(1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

The Double Jeopardy Clause of the Fifth Amendment was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland*, 395 U.S. 784 (1969).

The test for whether two offenses constitute the same offense is "whether each offense

contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688 (1993); *Blockburger v. United States*, 284 U.S. 299 (1932). Where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Albernaz v. United States*, 450 U.S. 333, 344 (1981); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Ohio v. Johnson*, 467 U.S. 493, 499 (1984); and *Garrett v. United States*, 471 U.S. 773, 779 (1985).

The offenses of trafficking in crack cocaine and trafficking in powder cocaine are not the same offense for *Blockburger* purposes because the two substances are distinguishable forms of the drug. Processing ("cooking") is required to convert powder cocaine into crack cocaine and there has been a widespread understanding that the drugs are criminologically different in that they tend to be marketed to different segments of the drug-consuming public. Recent policy decisions to reduce or eliminate the extreme differences which have been prescribed for dealing in the two substances do not call into question the constitutionality of making the distinction in the first place. And the Court notes that even with the reductions prescribed by the Fairness in Sentencing Act, Mr. Green would have been subject to a sentence of five to forty years for the crack cocaine under federal law.

Because Ohio could constitutionally punish dealing in crack and powder cocaine separately, Mr. Green's Fifth Ground for Relief, considered as a Double Jeopardy claim, is without merit.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Petition be dismissed. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and this Court certify to the Court of Appeals that any appeal would be objectively frivolous so that an appeal cannot be taken *in forma pauperis*.

July 11, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).