```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

Curtis Green,                       :
                                    :
    Petitioner,                   : Case No. 1:10-CV-241
                                    :
vs.                                 :
                                    :
Timothy Brunsman, Warden,           :
Lebanon Correctional                :
Institution,                        :
                                    :
    Respondent.                   :

O R D E R

This matter is before the Court on Petitioner Curtis Green's petition for a writ of habeas corpus (Doc. No. 3), Magistrate Judge Merz's Report and Recommendation of July 11, 2011 (Doc. No. 11), and Petitioner's objections to the Report and Recommendation (Doc. No. 13). For the reasons that follow, Petitioner's objections are **OVERRULED**; the Court **ADOPTS** the Report and Recommendation; Petitioner's petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

I. Background

In 2007, Hamilton County Sheriff deputies observed Petitioner driving a car without a front license plate. When the deputies turned their car around, the Petitioner drove away at a high rate of speed. After a chase, Petitioner exited the car and fled on foot. One deputy followed and saw Petitioner digging in his pockets. When the deputy caught up with Petitioner, he was

lying on the ground with his arms spread out. When Petitioner attempted to reach under his body, the deputy used a Taser to subdue him and found a baggy containing crack cocaine and cocaine powder "within an arm's length" of Petitioner. Doc. No. 7, Ex. 8, at 1. A pat-down also discovered six baggies and a knife on Petitioner's person. Id., Tr. Vol. I, at 349-50. The other deputy discovered a digital scale in Petitioner's car. Id., Tr. Vol. I, at 303-04.

Petitioner was indicted by a Hamilton County grand jury for trafficking of 25 to under 100 grams of crack cocaine, possession of 25 to under 100 grams of crack cocaine, trafficking of 10 to under 100 grams of powder cocaine, and possession of 10 to under 100 grams of powder cocaine. A jury convicted Petitioner of all charges, and he received concurrent sentences of nine years of imprisonment for each of the trafficking charges and concurrent sentences of four years of imprisonment for each of the possession charges, to be served consecutively to the trafficking charges, for a total of thirteen years.

Petitioner appealed, raising five assignments of error: 1) the jury erred to Petitioner's prejudice in finding him guilty, because the findings were not supported by sufficient evidence; 2) the jury erred to Petitioner's prejudice in finding him guilty, because the findings were contrary to law; 3) the trial court erred in overruling his motion for acquittal under Ohio

Criminal Procedure Rule 29; 4) the trial court erred to Petitioner's prejudice in imposing a sentence contrary to law; and 5) the trial court erred to Petitioner's prejudice in sentencing him on each charge. The Court of Appeals overruled the first three assignments of error, but sustained the fifth assignment, vacating the sentence, and declared the fourth assignment moot. Petitioner appealed to the Ohio Supreme Court, but the Supreme Court declined to hear the appeal. On resentencing, the trial court merged the two crack cocaine offenses and the two cocaine powder offenses, and sentenced Petitioner to nine years of imprisonment and four years of imprisonment, respectively, to be served consecutively, for a total of thirteen years. Petitioner did not appeal.

Petitioner filed a pro se petition for a writ of habeas corpus on April 16, 2010 (Doc. No. 3). Petitioner pleaded the following grounds for relief:

> **Ground One:** Insufficient evidence.
>
> **Supporting Facts:** The State failed to meet its burden of proving that Defendant-Appellant was trafficking in and possession of cocaine.
>
> **Ground Two:** Manifest weight of the evidence.
>
> **Supporting Facts:** When a finding is against the manifest weight of the evidence, Defendant-Appellant is entitled to a new trail [sic].
>
> **Ground Three:** Motion for acquittal under Ohio Criminal Procedure Rule 29.

> **Supporting Facts:** The State failed to meet its burden of proving that Defendant-Appellant was trafficking in and possession of cocaine.
>
> **Ground Four:** The trail [sic] court erred to the prejudice of Defendant-Appellant, imposing a sentence that is contrary to law.
>
> **Supporting Facts:** The sentence was excessive.
>
> **Ground Five:** The trail [sic] court erred to the prejudice of Defendant-Appellant in sentencing him on counts 1, 2, 3, and 4.
>
> **Supporting Facts:** All counts should have been merged as offenses of similar imports [sic].

Doc. No. 3. The Warden has filed a Return of Writ (Doc. No. 7), arguing that grounds one, three, and five are without merit, ground two is not a cognizable ground of relief in a federal habeas proceeding, and ground four should be dismissed as unexhausted. Petitioner did not file a reply.

In his Report and Recommendation, the Magistrate Judge, considering grounds one and three together, held that the state court's adjudication of the sufficiency of the evidence was not an unreasonable application of federal law. He also held that ground two was a question of state law and, therefore, not a claim upon which federal habeas relief could be granted. He held that ground four should be dismissed because the sentence imposed was not excessive under the Eighth Amendment. And he finally held that ground five should be dismissed because the state could punish dealing in crack and powder cocaine separately without violating the Double Jeopardy Clause.

Petitioner filed timely objections to some aspects of Judge Merz's Report and Recommendation. Petitioner does not object to Judge Merz's conclusions that grounds four and five should be dismissed. In his objections, Petitioner argues with respect to grounds one and three that Judge Merz erred in finding that the state courts reasonably applied federal law concerning the sufficiency of the evidence. Petitioner argues that because he was arrested on a public sidewalk and no testimony was offered alleging that Petitioner threw the drugs on the sidewalk, no rational trier of fact could have found that he constructively possessed the drugs discovered, and the state court unreasonable applied this standard. Petitioner also objects that Judge Merz erred in finding that ground two involved a non-cognizable state law claim. Petitioner argues that the manifest weight of the evidence claim "should be reviewed as if raising a claim of due process." Doc. No. 13, at 3.

## II. Standard of Review

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, the district court shall not grant a petition for a writ of habeas corpus on any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim:

-5-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court opinion violates the "unreasonable application" clause of Section 2254 when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state-court opinion will also involve the "unreasonable application" of Supreme Court precedent if it "either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context." Seymour v. Walker, 224 F.3d 542, 549 (6th Cir. 2000). The Supreme Court stated that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. In defining the meaning of the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must

also be unreasonable." Id. at 411.

### III. Analysis

Because Petitioner has not objected to Judge Merz's disposition of grounds four and five, this Court will not review them. The Court will review Judge Merz's disposition of grounds one, two, and three de novo. Petitioner's objections are not well-taken; therefore, he is not entitled to relief on any of the claims raised in his petition.

*A. Sufficiency of the evidence*

The Court concurs with the Magistrate Judge's conclusion that grounds one and three argue the same claim for relief. Petitioner contends that because the drugs were discovered on a sidewalk accessed by all members of the public and the state "didn't offer [any] evidence to tie him to these drugs whatsoever, except that the Petitioner was running down the sidewalk being chased by police and he was tased by a police taser and then they arrested Petitioner and the drugs were near him on the ground," Doc. No. 13, at 2, no rational trier of fact could have found he constructively possessed the drugs, and the state courts were unreasonable in finding otherwise.

For a sufficiency of the evidence claim, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a

-7-

reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). For the Court to grant Petitioner habeas relief on this claim, not only must the state court have incorrectly determined that a rational trier of fact could have found there was sufficient evidence for a conviction, but that determination must also have been unreasonable. <u>See</u> 28 U.S.C. § 2254(d)(1).

The Court agrees with Judge Merz's determination that these grounds are without merit. The trial transcript shows that Officer Gill testified that as he pursued Petitioner over a fence, he observed Petitioner digging his hands in his pockets. Doc. No. 7, Tr. Vol. I, at 344-45. Officer Gill also testified that Petitioner attempted to reach his left hand under his body while he was lying on the ground. <u>Id.</u> at 347-48. Moreover, the police discovered baggies and a knife on Petitioner's person and the scale in his car. Based on this evidence, it was not an unreasonable application of federal law for a state court to find that a rational trier of fact would find beyond a reasonable doubt that Petitioner possessed the drugs.

Accordingly, this objection is overruled.

*B. Manifest weight of the evidence*

Petitioner argues that Judge Merz erred by not considering his manifest weight of the evidence claim as a due process claim. A manifest weight of the evidence claim is not a due process claim because, as Judge Merz correctly stated, "the Constitution

does not forbid such convictions." Doc. No. 11, at 4. In <u>Tibbs v. Florida</u>, the Supreme Court explained that a "reversal based on the weight of the evidence ... can only occur after the State has presented *sufficient evidence* to support conviction and has persuaded the jury to convict." 457 U.S. 31, 43 (1982) (emphasis added). Therefore, a manifest weight of the evidence claim does not present a federal question, because although the judge may decide the interests of justice require a second opportunity to acquit, Fourteenth Amendment due process has already been satisfied. To the extent that ground two articulates a due process claim, the discussion in the previous section demonstrates that the claim would still fail.

Accordingly, this objection is also overruled.

### IV. <u>Conclusion</u>

For these reasons, Petitioner's objections to Magistrate Judge Merz's Report and Recommendation are **OVERRULED**. The Court **ADOPTS** the Report and Recommendation. Petitioner's petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

A certificate of appealability will not issue with respect to this order because jurists of reason would not find this Court's rulings debatable. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000). Petitioner remains free to request issuance of a certificate of appealability from the Court of Appeals. <u>See</u> Fed. R. App. P. 22(b). The Court certifies pursuant to 28 U.S.C. §

1915(a)(3) that an appeal of this order would not be taken in good faith, so Petitioner is **DENIED** leave to appeal in forma pauperis. See Fed. R. App. P. 24(a)(4). Petitioner may apply to the Court of Appeals to proceed in forma pauperis within 30 days after receiving this notice. See id. 24(a)(5).

**IT IS SO ORDERED**

Date August 19, 2011                s/Sandra S. Beckwith
                                    Sandra S. Beckwith
                          Senior United States District Judge